IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISINE WAGNER and ROBERT WAGNER, her husband, | : | Civil Action No. 4:14-CV-00576 |
| Plaintiffs, | : | (Judge Brann) |
| v. | : | |
| H.H. KNOEBEL SONS, INC. ET AL., | : | |
| Defendants. | : | |

**MEMORANDUM**
February 17, 2016

Pending before this Court is a motion for summary judgment filed by Defendants H.H. Knoebel Sons, Inc., Knoebel Realty L.P., and Knoebel Realty Managers, LLC (hereinafter collectively "Defendants"), which seeks to dismiss all claims of a complaint filed by Plaintiffs Christine and Robert Wagner (collectively "the Wagners"). The matter has been fully briefed and is now ripe for disposition. In accordance with the following reasoning, Defendants' motion for summary judgment is denied.

## I. BACKGROUND

The Wagners' complaint stems from a family visit to Knoebels Amusement Resort, Elysburg, Northumberland County, Pennsylvania (hereinafter "the Park").[1] The Wagners, along with their three grandchildren, visited the Park on June 27, 2012.[2] While Ms. Wagner was walking on a path located between the Go-Karts and the Fandango rides, she suffered a fall after tripping over a tree root on the path.[3] As a result, Ms. Wagner sustained a right knee sprain with bone contusion, right knee joint effusion, bone edema of the anterolateral tibial plateau of the right knee, aggravation of a pre-existing asymptomatic arthritic condition of the right knee, a laceration, cellulitis, and infection of the laceration to the right knee, and various other abrasions to her arms and left hand.[4] The instant litigation ensued. A motion for summary judgment was duly filed, timely briefed, and is now ripe for disposition.

## II. LEGAL STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[5] A fact is "material" where it "might affect the outcome of the suit

---

[1] ECF No. 1 ¶ 14.
[2] *Id.* at ¶ 14, 15.
[3] *Id.* at 15.
[4] *Id.* at 1 ¶ 22.
[5] Fed. R. Civ. P. 56(a).

under the governing law."[6] A dispute is "genuine" where "the evidence is such that a reasonable jury," giving credence to the evidence favoring the nonmovant and making all inferences in the nonmovant's favor, "could return a verdict for the nonmoving party."[7]

The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment.[8] The moving party may satisfy this burden by either (i) submitting affirmative evidence that negates an essential element of the nonmoving party's claim; or (ii) demonstrating to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's case.[9]

Where the moving party's motion is properly supported, the nonmoving party, to avoid summary judgment in his opponent's favor, must answer by setting forth "genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."[10] For movants and nonmovants alike, the assertion "that a fact cannot be or is genuinely disputed must" be supported by "materials in the record" that go beyond mere allegations, or by "showing that the materials cited do not establish the absence or presence of

---

[6] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[7] *Id.*
[8] *In re Bressman*, 327 F.3d 229, 237 (3d Cir. 2003) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986) (Brennan, J., dissenting)).
[9] *Id.* at 331.
[10] *Anderson*, 477 U.S. at 250.

a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."[11]

"When opposing summary judgment, the non-movant may not rest upon mere allegations, but rather must 'identify those facts of record which would contradict the facts identified by the movant.'"[12] Furthermore, "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion."[13]

In deciding the merits of a party's motion for summary judgment, the Court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial.[14] Credibility determinations are the province of the factfinder, not the district court.[15] Although the Court may consider any materials in the record, it need only consider those materials cited.[16]

## III. DISCUSSION

The Wagners' complaint alleges two counts, one for negligence and one for loss of consortium. They claim that Defendants breached their duty of care to Ms. Wagner, a business invitee, by failing to remove the protruding tree root or

---

[11] Fed. R. Civ. P. 56(c)(1); *see also Anderson*, 477 U.S. at 248–50.
[12] *Port Auth. of N.Y. and N.J. v. Affiliated FM Ins. Co.*, 311 F.3d 226, 233 (3d Cir. 2003).
[13] Fed. R. Civ. P. 56(e)(2).
[14] *Anderson*, 477 U.S. at 249.
[15] *BWM, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992).
[16] Fed. R. Civ. P. 56(c)(3).

otherwise maintain the walkway where she fell in a safe condition or, alternatively, by failing to give adequate warning of the unsafe condition.

Defendants, conversely, argue that the Wagners' complaint should be dismissed because Defendants are not liable for harm to invitees caused by an open or obvious condition on the land. They also argue that the law does not require an owner of premises to maintain sidewalks free of trivial defects. The Court will discuss each argument in turn.

### A. The Condition Was Not Open and Obvious

To establish a claim for negligence in Pennsylvania, a plaintiff must establish

> (1) a duty or obligation recognized by the law, requiring the actor to conform to a certain standard of conduct for the protection of others against unreasonable risks; (2) a failure to conform to the standard required; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss or damage resulting in harm to the interests of another.[17]

In premises liability cases, the applicable standard of care depends on whether the injured plaintiff is categorized as an invitee, a licensee, or trespasser on the property where he was injured.[18] An invitee is either a public invitee, a person invited to enter as a member of the public for a purpose for which the land

---

[17] *Vanchure v. Wegmans Food Markets, Inc.*, 2014 WL 1746844, *4 (M.D. Pa. May 1, 2014) (Caputo, J.) (*citing Nw. Mut. Life Ins. Co. v. Babayan,* 430 F.3d 121, 139 (3d Cir. 2005)).
[18] *Vanchure*, 2014 WL 1746844 at *4 (*citing Davies v. McDowell Nat'l Bank*, 180 A.2d 21 (1962)).

is held open to the public, or a business visitor, a person invited to enter for business dealings with the possessor of the land.[19] A possessor of land generally has the duty to protect an invitee from foreseeable harm if he 1) knows, or would know if he exercised reasonable care, of a condition that involves an unreasonable risk of harm, 2) expects that the invitee will not discover or realize the danger or will fail to protect themselves against it, and 3) fails to exercise reasonable care to protect the invitee against the danger.[20] Accordingly, a possessor of land will not be liable for harm caused by conditions he reasonably believes would be obvious to and discovered by the invitee.[21]

A danger is "obvious" when "both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising normal perception, intelligence, and judgment."[22] Whether a danger is obvious is usually a question of fact for a jury; where it is clear, however, that reasonable minds could not differ as to the conclusion, the question may be decided by the court.[23]

Defendants have adduced three cases in support of their contention that the protruding root was an open and obvious condition. First, they cite *Villano v.*

---

[19] Restatement (Second) of Torts § 332.
[20] *Carrander v. Fitterer*, 469 A.2d 120, 123 (Pa. 1983).
[21] *Id.* (*citing Atkins v. Urban Redevelopment Auth. of Pittsburgh,* 414 A.2d 100, 104 (Pa. 1980)).
[22] *Id.* (*citing* Restatement (Second) of Torts § 343A cmt. b).
[23] *Id.* (*citing* Restatement (Second) of Torts § 343A cmt. d.).

*Security Savings Association*,[24] a case in which the plaintiff tripped and fell as he was walking up stairs to enter the defendant bank. The plaintiff's view was partially obstructed by a column and the plaintiff was apparently distracted by a woman and failed to notice that the steps were uneven.[25] The court held that the step was an obvious and known condition on the land.[26]

Defendants also cite *Harbison v. JPS Getty, Inc.*[27] and *Orlowski v. Magg's Inc.*,[28] unpublished cases from the Courts of Common Pleas of Lancaster and Beaver Counties, respectively, in which plaintiffs were denied relief after sustaining injuries from tripping on steps. Both courts generally held that the steps were an obvious condition and that plaintiffs would have seen them had they been paying attention.

The Wagners, conversely, cite *Lauffer v. Sheetz, Inc.*,[29] contending that other Pennsylvania courts have found that the obviousness of a potential hazard is a question of fact rendering summary judgment inappropriate. The plaintiff in *Lauffer* suffered serious injuries to his testicles and scrotum when, after holding the door of an entering patron, he turned to proceed to exit the defendant's gas station minimart and collided with a 30 inch pipe batten.[30] Like the plaintiff in *Lauffer*,

---

[24] 407 A.2d 440, 441 (Pa. Super. Ct. 1979).
[25] *Id.*
[26] Id. at 443.
[27] (PICS 12-0074) (Lancaster Cnty. C.P. Dec. 22, 2011).
[28] (PICS 09-1822)(Beaver Cnty. C.P. Oct. 27, 2009).
[29] 2000 WL 33158596 (Westmoreland Cnty. C.P. July 10, 2000).
[30] *Id.*

who was distracted by holding the door open for a fellow patron, the Wagners argue that Defendants should have anticipated that their patrons could be distracted by the amusement park attractions or watching cavorting children, making hazards more difficult to observe.

The cases cited by the parties are all easily distinguishable from the case at hand. Defendants' cases all involve stairs and the Wagners' case involves a lengthy pipe batten. Other cases with facts more synonymous to the facts in the instant matter provide more helpful guidance.

For example, the Superior Court of Pennsylvania in *Donlin v. J.J. Newberry Co.*[31] denied summary judgment when the plaintiff sustained injuries after tripping on a metal strip protruding from a sidewalk outside of a shopping mall. Alternatively, the plaintiff in *Ehrlich v. Cruz*[32] sustained injuries when he tripped on a crack in a sidewalk. The Superior Court held that the crack in the sidewalk was open and obvious because the plaintiff was very familiar with the sidewalk and was further aware that a man in a wheelchair had previously fallen and that the plaintiff's sister-in-law had twisted her ankle in the same area of the sidewalk.

In the case at bar, Defendants argue that Ms. Wagner testified that she was "familiar" with the area because she had "been there in the past."[33] That said, Ms. Wagner was likely not as familiar with the area of the Park where the tree root was

---

[31] 466 A.2d 174, 176 (Pa. Super. Ct. 1983).
[32] 2013 WL 11251560 (Pa. Super. Ct. Oct. 7, 2013).
[33] ECF No. 27 at 8.

protruding as was the plaintiff in *Cruz*, who resided in apartments near the sidewalk where the injury occurred.

The Wagners also argue that Defendants knew and anticipated that the protruding root could be dangerous to patrons frequenting the Park because a Park employee testified that Defendants identified several other protruding tree roots in the Park and painted them yellow "because [they are] a potential trip-and-fall hazard."[34] They argue that Defendants would not have painted protruding roots yellow to notify patrons of the danger if they were open and obvious.

This Court agrees that whether the protruding tree root was an open and obvious condition is an issue of fact for the jury. The Wagners produced several photographs of the root which show that the root is grey in color, like the ground around it.[35] Furthermore, Defendants actions in painting other protruding roots yellow for easy identification suggests that the roots may be not be as open and obvious as Defendants claim.[36]

---

[34] ECF No. 32 at 9 (*citing* ECF No. 31-1 at 44, ¶8-9).
[35] *See* ECF No. 31 at Exhibits 2-9.
[36] Defendants argue that evidence that they painted other tree roots yellow to prevent accidents is "similar to a subsequent remedial measure or dissimilar prior accidents type argument." ECF No. 37 at 3. Rule 407 of the Federal Rules of Evidence provides that "[w]hen measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove negligence, culpable, conduct, . . . or a need for a warning or instruction . . . But the court may admit this evidence for another purpose. . ." Fed. R. Evi. 407. In the instant matter, had Defendants painted the root in question yellow after Ms. Wagner's accident, that measure would not be admissible to prove negligence or a need for a warning. Defendants' act of painting other similar tree roots yellow, however, can be admissible to prove that Defendants had notice that protruding tree roots posed a hazard to Park patrons.

### B. Trivial Defect

A possessor of land has a duty to keep his sidewalks in a "reasonably safe condition for travel by the public."[37] Whether the duty has been complied with is determined on a "case-by-case basis by looking at all of the surrounding circumstances."[38] A defect may be so trivial that courts are bound, as a matter of law, to find no negligence in allowing the trivial defect to exist.[39]

Property owners, however, are not responsible for trivial sidewalk defects.[40] "'No definite or mathematical rule can be laid down as to the depth or size of a sidewalk depression' to determine whether the defect is trivial as a matter of law."[41] "Thus, if the defect is not obviously trivial, the question of negligence must be submitted to a jury."[42]

Defendants cite to four cases in which defects ranging from one-and-a-half to four inches were found to be trivial. The Wagners similarly cite eleven cases in which the court found defects that were not clearly trivial. Some of the defects in the Wagners' cited cases were as small as 7/16 to 3/4 of an inch or one inch.[43]

---

[37] *Mull v. Ickes*, 994 A.2d 1137, 1140 (Pa. Super. Ct. 2010) (*citing Peair v. Home Ass'n of Enola Legion No. 751,* A.2d 665, 667 (Pa. Super. Ct. 1981)).
[38] *Mull*, 994 A.2d at 1140 (*citing McGlinn v. City of Philadelphia,* 186 A. 747, 748 (Pa. 1936)).
[39] *Mull*, 994 A.2d at 1140 (*citing Davis v. Potter,* 17 A.2d 338 (1941); *Bosack v. Pittsburgh Railways Co.,* 189 A.2d 877 (1963); *Harrison v. City of Pittsburgh,* 44 A.2d 273, 274 (1945)).
[40] *Mull*, 994 A.2d at 1140.
[41] *Id.* (*quoting Breskin v. 535 Fifth Ave.,* 113 A.2d 316, 318 (1955)).
[42] *Id.* (*citing Breskin,* 113 A.2d at 318).
[43] *See* ECF No. 32 at 13 (*citing Ozer v. Metromedia Restaurant Group, Steak & Ale of Pennsylvania, Inc.*, 2005 WL 525400 at *8 (E.D. Pa. March 7, 2005); *Melchiorre v. Lords Valley Xtra Mart*, 13 A.3d 973 (Pa. Super. Ct. 2010)).

In the matter at hand, even the size of the defect is disputed. Defendants claim the tree root is approximately one inch at its highest point and "a few inches wide." The Wagners, alternatively, claim that the root is 1.75 inches high and thirty-one inches long. Defendants argue that the Wagners' measurements are misleading because the photographs show them measuring the height of the root on the opposite direction from which Ms. Wagner tripped. Furthermore, as Defendants point out, Ms. Wagner was unable to state which part of the tree root actually caused her fall during her deposition.[44]

Defendants also assert that the root is located "near the edge next to a fence and a root of the tree in an area not typically traversed."[45] The Wagners claim that the root is "in the middle of [the] walkway where the blacktopped area ends."[46] The actual location of the tree root remains unclear to the Court despite a review of submitted photographs.

There are clearly issues of fact in this case that must be submitted to a jury. The height of the protruding tree root at the point Ms. Wagner caught her foot, whether the tree root is in the middle of the walkway or in an area not typically traversed, and whether, looking at all the evidence, the tree root was a trivial defect are all issues of fact that this Court cannot decide as a matter of law at this point in the litigation.

---

[44] ECF No.
[45] ECF No. 27 at 10.
[46] ECF No. 32 at 14.

## IV. CONCLUSION

Consequently, and in accordance with the foregoing reasoning, Defendants' motion for summary judgment is denied.

BY THE COURT:

<u>/s Matthew W. Brann</u>
Matthew W. Brann
United States District Judge