**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CHRISTINE WAGNER, | : | Case No. 4:14-CV-00576 |
| | : | |
| Plaintiffs, | : | (Judge Brann) |
| | : | |
| v. | : | |
| | : | |
| H.H. KNOEBEL SONS, INC., | : | |
| KNOEBEL REALTY L.P., and | : | |
| KNOEBEL REALTY MANAGERS, | : | |
| LLC, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

January 19, 2017

Before the Court are the objections of Plaintiff and Defendants regarding certain questions and answers in the trial depositions of three witnesses. As explained below, certain objections will be sustained and portions of the depositions stricken, while other objections will be overruled.

## I.    BACKGROUND

On March 26, 2014, Plaintiffs Christine Wagner and Robert Wagner, her husband, filed a Complaint[1] against Defendants H.H. Knoebel Sons, Inc., Knoebel Realty L.P., Knoebel Realty Managers, LLC, and Knoebels Three Ponds, Inc.

---
[1] ECF No. 1.

("Defendants").[2]  Within this Complaint, Plaintiffs alleged both a negligence and loss of consortium claim against Defendants.[3]

The instant dispute stems from a family visit to Knoebels Amusement Resort, in Elysburg, Northumberland County, Pennsylvania.[4]  The Wagners, along with their three grandchildren, visited the Park on June 27, 2012.[5]  While Ms. Wagner was walking on a path located between the Go-Karts and the Fandango rides, she suffered a fall after allegedly tripping over a tree root on the path.[6]  As a result, Ms. Wagner sustained a right knee sprain with bone contusion, right knee joint effusion, bone edema of the anterolateral tibial plateau of the right knee, aggravation of a pre-existing asymptomatic arthritic condition of the right knee, a laceration, cellulitis, and infection of the laceration to the right knee, and various other abrasions to her arms and left hand.[7]  Following the completion of discovery

---

[2]  Knoebels Three Ponds, Inc. was dismissed as a Defendant by Stipulation on September 5, 2014. See ECF No. 21.

[3]  See generally Complaint (ECF No. 1).  By Stipulation dated January 13, 2017, the parties agreed to voluntary removal of Robert Wagner as a defendant and the dismissal of his loss of consortium claim.

[4]  ECF No. 1 ¶ 14.

[5]  Id. at ¶¶ 14–15.

[6]  Id. ¶ 15.

[7]  Id. ¶ 22.

and the disposition of Defendants' Motion for Summary Judgment, the Court

scheduled trial to commence on January 23, 2017.[8]

At the upcoming trial, Plaintiff intends to use the videotaped depositions of

medical expert Lawrence Wiesner, D.O., and Plaintiff's now deceased husband,

Robert Wagner, in lieu of live testimony.[9]  Defendants, in turn, will utilize the

videotaped deposition of their medical expert David Rubenstein, M.D. in lieu of

live testimony.[10]  Objections to certain questions and answers were lodged during

these depositions, and will be disposed of as follows.

## II.   DISCUSSION

On January 18, 2017, Plaintiff's counsel filed a letter with the Court in

which both he and Defense counsel withdrew a number of objections raised during

the three trial depositions.  This opinion addresses the remaining unresolved

objections.

### A. Deposition of Lawrence Wiesner, D.O.

a.   Defendants' Objections

Defendants' first objection occurs at the beginning of Dr. Wiesner's

_____

[8]  Order (ECF No. 67).

[9]  ECF Nos. 86 & 87.

[10]  ECF No. 92.

deposition and concerns Dr. Wiesner's Addendum Report.[11]  Defendants have filed

a Motion *in limine* concerning the issue which the parties have since fully briefed.

Because I am issuing a simultaneous Memorandum Opinion of this same date

dispositive of this issue, I will not address it at length herein.

Defendant's second objection occurs at page 51, line 23.  This objection was

lodged because the exhibit being discussed at that point was not listed in his report

as one reviewed beforehand and thus was "outside the scope of the report."[12]  This

objection is overruled.  First, in response, Dr. Wiesner stated that, in the course of

compiling a written report, he reviews "hundreds and hundreds of pages," and his

list of documents reviewed only serves to "highlight the ones that are pertinent."[13]

Second, to extent that testimony concerning this document is outside the scope of

his report, I note "testimony of an expert on matters within the expert's expertise

but outside of the expert's report is not only permissible at trial, but the exclusion

of such testimony may be reversible error."[14]

Defendants' third objection occurred during the following exchange between

Michael Briechle, Esquire, counsel for Plaintiff, and Dr. Wiesner:

---

[11]  ECF No. 87 at 4:3.

[12]  Id. at 52:1-2.

[13]  Id. at 52:10-13.

[14]  Quelette v. Coty US, LLC, Civil Action No. 3:14-CV-00712, 2016 WL 1650775, at *1 (Apr. 25, 2016)(Mariani, J.)(citing Bowersfield v. Suzuki Motor Corp., 151 F. Supp.2d 625, 631 (E.D.Pa. 2001)).

Q.      Thank you. Have you formulated an opinion as to whether Mrs. Wagner has been capable of will be capable of returning to work as a result of the injuries she suffered on June 27, 2012?

A.      Well, she was a nurse manager, and I had discussions with her that her job entailed her walking long distances in the hospital and up and down stairs and in and out of chairs. And she has told me she's unable to continue that – that job. She could probably do some other – other type jobs. But her job as the one she reported to me, she was unable to continue with.

Q.      Okay. And do you continue to hold that opinion as of today?

        Mr. Grego: Objection. That's not what the answer was and I'll just enter an objection on that basis.[15]

While somewhat cryptic, this objection appears to suggest that Mr. Briechle's question in some way attempted to re-characterize Dr. Wiesner's prior answer or his report.  To that end, the objection is overruled for two reasons.  First, Mr. Briechle's answer does not appear to re-characterize or in any way summarize Dr. Wiesner's prior answer.  Second, this conclusion appears to be the same as that presented in Dr. Wiesner's May 16, 2015 Report in which he stated "[t]his [injury] has restricted her in her ability to perform her duties as a nurse manager as this requires significant activity during the course of a workday."[16]

Defendants' final objection[17] occurred during Redirect Examination at page

---

[15]  ECF No. 87 at 56:1-16.

[16]  Narrative Report of Dr. Lawrence Wiesner, D.O. (ECF No. 82-1), Exhibit A, at 4.

[17]  Defendants also objected at 125:3-8 and 126:25-127:1.  Both questions, however, were reformed to address Defendants' concerns prior to Dr. Wiesner's answer.  The Court will therefore not address these objections.

126, line 2:

> Q.    Okay. And I don't believe the record of September 29, 2015, was reviewed with you and opposing counsel. Can you just turn to that date?
>
> A.    September –
>
> Q.    Um-hum.
>
> A.    -- of '15?
>
> Q.    September 29, 2015, yes.
>
> A.    Let's see.
>
> Mr. Grego: That wasn't reviewed. I'll object as outside of the scope of cross but go ahead.[18]

This objection arose because the exhibit being discussed during that exchange was not listed in Dr. Wiesner's report as one reviewed beforehand and thus was outside the scope of the report.  I will overrule this objection, and again note that the "testimony of an expert on matters within the expert's expertise but outside of the expert's report is not only permissible at trial, but the exclusion of such testimony may be reversible error."[19]

   b.  Plaintiff's Objections

Plaintiff's remaining objections begin on page 114 and continue through

---

[18]  ECF No. 87, at 126:2-12.

[19]  Quelette, 2016 WL 1650775, at *1 (citing Bowersfield, 151 F. Supp.2d at 631).

page 115.[20]  These objections relate to questions concerning Dr. Wiesner's knowledge of an October 18, 2012 motor vehicle accident involving Plaintiff, his review of records relating to her treatment for injuries sustained, and his knowledge of whether Mrs. Wagner missed work following this accident. Federal Rule of Evidence 401 provides that evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."[21]  The United States Court of Appeals for the Third Circuit has noted, "Rule 401 does not raise a high standard."[22] As these questions both relate to Dr. Wiesner's knowledge of treatment for a car accident which occurred following the June 27, 2012 incident, I find that they meet this low bar and are relevant as to both the persuasiveness and completeness of his report.

## A. Deposition of David Rubenstein, M.D.

### a.  Plaintiff's Objections

During the trial deposition of Dr. Rubenstein, Plaintiff raised the following three objections.

First, Plaintiff objected on page 16 at line 12 to the instant exchange:

---

[20]  Specifically, these objections occur at 114:9, 114:22, 115: 2.

[21]  Fed.R.Evid. 401.

[22]  Hurley v. Atl. City Police Dep't, 174 F.3d 95, 109–10 (3d Cir.1999) (citing In re Paoli R.R. Yard PCB Litig., 35 F.3d 717, 782–83 (3d Cir.1994)).

Q.     Why don't you start out by telling us the first step in that evaluation.

A.     The first step in evaluation is me reviewing records actually with her. The first thing I do is look for anything referable to her right knee that may have occurred prior to this injury. Clearly, there was a history of some things, but the most significant was when she was younger, 16 or 17, having the removal of her medial meniscus.  For someone who is middle aged, 50, 60, that is very significant because we know that you have to develop arthritis. It is a certainty.

We also reviewed records that indicated she appeared to be doing pretty well. For example, there may have been a history back in 2003 of a knee contusion, but no records that, follow that, and in 2007, she actually hurt her left knee, so I would say that --[23]

Plaintiff specifically argued that this information was irrelevant as it pertained to her left knee, which is not the subject of the instant litigation.  As noted above, the Third Circuit has stated that, concerning relevance, "Rule 401 does not raise a high standard."[24]   Based on this instruction, I find that the instant disputed testimony meets that low bar.  In the answer at issue, Dr. Rubenstein is opining as to the records he reviewed to prepare his report and their influence on his findings.  This passing reference to the Plaintiff's left knee in furtherance of that discussion is therefore relevant as to the comprehensiveness of this review, and will not be stricken from the record.

Plaintiff's second objection occurs on page 38 at line 16 and directly concerns any testimony of Dr. Rubenstein related to the November 29, 2016

---

[23]  ECF No. 92, at 15:17-16:11.

[24]  Hurley v. Atl. City Police Dep't, 174 F.3d 95, 109–10 (3d Cir.1999) (citing In re Paoli R.R. Yard PCB Litig., 35 F.3d 717, 782–83 (3d Cir.1994)).

Addendum Report of Dr. Wiesner.  As discussed more fully in a Memorandum

Opinion of this same date, I have denied Defendants' Motion *in Limine* to preclude

this Addendum Report and any related testimony of Dr. Wiesner.  In so doing,

however, I opined that Defendants were able to correct any minimal prejudice

resulting from this report's late production through both the Wiesner's deposition

and the deposition of its own expert, Dr. Rubenstein.  Having reviewed the

testimony at issue, I find this line of inquiry appropriate to serve that purpose.

Plaintiff's objection will therefore be overruled.

> b.  Defendants' Objections

Defendants did not raise any objections during the cross-examination of Dr.

Rubenstein.

## B. Deposition of Robert Wagner

> a.  Defendants' Objections

Defendants' first objection during the deposition of Robert Wagner came on

page 12 at line 12 and was made in response to the following question.

Q.     Can you tell me about how high the tree root appeared?[25]

Defendants argue that this question calls for speculation concerning a subject

which has never been revealed during discovery.[26]  This objection will be

---

[25]  ECF No. 86, at 12:12.

[26]  Id. at 12:14-12:18.

overruled.  Federal Rule of Evidence 701 states that opinion testimony by lay witnesses is admissible provided it is "(a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."[27]  Here, the question calls for an opinion which, in my view, is rationally based on Mr. Wagner's perception as an attendee of the Park on the day of the incident.  Based on this conclusion, the objection will be overruled.[28]

Defendants next objected at 12:24 to the following question:

Q.     Okay. And can you tell us what kind of walkway surrounded the tree root?[29]

The Court need not resolve this objection, however, because the parties agreed upon an acceptable re-phrasing of the question off the record.[30]

On page 18 at line 8, Defendants next objected to the following question:

Q.     Okay. Do you recall if your wife ever called Knoebels to advise them that she had fallen?[31]

---

[27]  Holman v. Trammell Crow Co., Civil Action No. 03-CV-3603, 2005 WL 562738, at *1 (E.D.Pa. March 7, 2005)(citing United States v. Joy, 192 F.3d 761, 767 (7th Cir. 1999)).

[28]  It should be noted, however, that Mr. Wagner was unable to answer the question.  Therefore, it is left to the parties' discretion whether to remove this question and its brief answer.

[29]  ECF No. 86 at 12:24.

[30]  Id. at 13:6-13:15.

[31]  Id. at 18:8.

This objection continued and extended to the following exchange:

> Q.    Mr. Wagner, do you recall if your wife ever called Knoebels to inform them that she had fallen?
>
> A.    Yes, she had told me.
>
> Q.    Okay. And what did she say that – what did she tell you about that?
>
> A.    I don't remember.[32]

Defendants' objections specifically relate to the relevance of this testimony.[33]  As previously noted, Federal Rule of Evidence 401 provides that evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."[34]  I again recite that the Third Circuit has noted, "Rule 401 does not raise a high standard."[35]  The line of questioning here, however, fails to meet that low bar, and the objection is therefore sustained.  In this brief line of questioning, Plaintiff's counsel fails to establish how any continuing interactions with Defendants following the fall is relevant to underlying cause of action.  This line of questioning is stricken.

---

[32] Id. at 19:2-19:7.

[33] Id. at 18:16-19.

[34] Fed.R.Evid. 401.

[35] Hurley v. Atl. City Police Dep't, 174 F.3d 95, 109–10 (3d Cir.1999) (citing In re Paoli R.R. Yard PCB Litig., 35 F.3d 717, 782–83 (3d Cir.1994)).

Defendant's final objection occurs on page 20 at line 19 in response to the following query:

Q.      Okay. But can she do less now than she could then?[36]

Upon consideration of this question and Defendants' objection concerning its "leading" nature, the question will be stricken from the record. "Leading questions should not be used on the direct examination of a witness except as may be necessary to develop the witness' testimony."[37]  Here, this question, occurring during direct examination, is "leading" because its construction suggests the desired answer to Mr. Wagner.[38] Furthermore, I note that, pursuant to a January 13, 2017 Stipulation of parties, Mr. Wagner's loss of consortium claim has been dropped.  This question is therefore also irrelevant as it speaks to a now dismissed claim.

### b.  Plaintiff's Objections

Plaintiff's remaining objection during Mr. Wagner's videotaped deposition occurred at page 27, line 14 to the following question:

Q.      Okay. So can you explain, sir, how that got into the official records of this accident?[39]

---

[36]  ECF No. 86 at 20:17-18.

[37]  Fed.R.Evid. 611(c).

[38]  Fattman v. Bear, 249 F.App'x. 956, 958 (3d Cir. 2007)(quoting *Black's Law Dictionary* 906 (8th ed.2004)).

[39]  ECF No. 86 at 27:12-13.

This question specifically refers to a paramedic's statement that Plaintiff corrected Mr. Wagner's description of the accident and affirmatively stated that someone pushed her.[40]  As previously explained, Federal Rule of Evidence 701 states that opinion testimony by lay witnesses is admissible provided it is "(a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Here, I find that this question concerning how a particular statement made it into a record of the accident attempts to ascertain the extent of Mr. Wagner's possible knowledge, or a proper opinion concerning this inclusion.  Once Mr. Wagner indicates that he lacks such knowledge, this line of questioning terminates prior to the offering of improper lay opinion.  As such, I will overrule the instant objection.

## III.   **CONCLUSION**

For the foregoing reasons, Plaintiffs' objections are sustained in part and overruled in part.  Defendants' objections are likewise sustained in part and overruled in part.  The parties are directed to have the trial deposition videos modified to reflect both these evidentiary rulings and the previously reached agreements of both parties memorialized in their January 17, 2017 letter.

---

[40] Id. at 27:4-7.

A separate Order will issue.


BY THE COURT:


s/Matthew W. Brann
Matthew W. Brann
United States District Judge