IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTINE WAGNER, | : | Case No. 4:14-CV-00576 |
| Plaintiff, | : | (Judge Brann) |
| v. | : | |
| H.H. KNOEBEL SONS, INC., KNOEBEL REALTY L.P., and KNOEBEL REALTY MANAGERS, LLC, | : | |
| Defendants. | : | |

**MEMORANDUM**

January 19, 2017

Before the Court for disposition is Defendants H.H. Knoebel Sons, Inc., Knoebel Realty, L.P., and Knoebel Realty Managers, LLC's Motion *in Limine* to Limit Expert Testimony. For the reasons that follow, this Motion will be denied.

**I.    FACTUAL BACKGROUND**

The instant legal dispute, commenced by Plaintiff Christine Wagner ("Plaintiff") on March 26, 2014, stems from injuries she sustained while a patron at Knoebel's Amusement Resort on June 27, 2012. Specifically, Plaintiff alleges that she tripped over a tree root during that visit and sustained injuries to her right knee.[1] Following the completion of discovery and the disposition of Defendants'

---
[1] See generally Complaint (ECF No. 1).

Motion for Summary Judgment, the Court scheduled trial to commence on January 23, 2017.[2] The following dispute concerns the admissibility of Plaintiff's Addendum Expert Report which was crafted on November 29, 2016. The factual background relevant to the disposition of this Motion is as follows.

Pursuant to a scheduling Order dated February 19, 2015, the Court imposed a deadline of September 28, 2015 by which Plaintiff was to file her expert report. A supplemental or rebuttal expert report was thereafter due on or before November 9, 2015.[3] In compliance with this Order, Plaintiff submitted the report of Lawrence Wiesner, D.O. which was prepared following a physical examination on May 16, 2015.[4] This report opined that the total right knee arthroplasty performed on Plaintiff was the result of an accelerated degenerative process caused by the June 27, 2012 fall, and that, prior to this fall, Plaintiff was "asymptomatic with her right knee."[5] In a September 2, 2015 Addendum, Dr. Wiesner clarified that all the opinions contained in his original report were made within a "reasonable degree of medical certainty."[6]

---

[2] Order (ECF No. 67).

[3] Order (ECF No. 24).

[4] See ECF No. 82-1, Exhibit A, at 2–5.

[5] Id. at 5.

[6] See ECF No. 82-1, Exhibit B, at 7.

On October 21, 2015, Defendants produced an Independent Medical Evaluation prepared by David Rubenstein, M.D.[7] Unlike that of Dr. Wiesner, this report concluded that Plaintiff sustained a bone bruise which healed within three months "on the opposite of her knee where there was no substantial arthritis."[8] Based on this finding, Dr. Rubenstein further concluded that the total knee replacement was not related to the June 27, 2012 fall, but rather to "pre-existing factors including a longstanding history of knee surgery decades before."[9]

On August 5, 2016, the Court issued an Order setting both the trial date and a series of pre-trial deadlines.[10] This scheduling Order did not adjust the deadline to complete expert discovery. During the pre-trial conference on December 20, 2016, Defendants alerted the Court as to the instant dispute concerning the untimely November 29, 2016 Addendum Report. Specifically, because parties' expert testimony at trial will be by way of videotaped deposition, Defendants asked the Court to preclude both the Addendum Report and any testimony of Dr. Wiesner which directly relates thereto. Defendants argued that Dr. Wiesner's testimony concerning the untimely Addendum Report resulted in incurable prejudice.

---

[7] See ECF No. 82-1, Exhibit C, at 9–19.

[8] Id. at 18.

[9] Id.

[10] Order (ECF No. 67).

In accordance with this Court's Order of December 21, 2016,[11] parties have since fully briefed this issue.[12] The Motion is therefore ripe for disposition.

## II. DISCUSSION

Federal Rule of Civil Procedure 26(a)(2) governs the disclosure of expert testimony during the course of discovery, and stipulates that "disclosure must be accompanied by a written report . . . if the witness is one retained or specially employed to provide expert testimony."[13] This written report must include "a complete statement of all opinions the witness will express and the basis and reasons for them; the date or other information considered by the witnesses in forming them; any exhibits that will be used to summarize or support them," as well as additional information about the witness's qualifications, prior expert testimony, and compensation received in the relevant case.[14] These expert disclosures must be made according to deadlines set in a case management order, or any other order issued by the court.[15]

---

[11] ECF No. 80.

[12] ECF Nos. 83 & 84.

[13] Fed. R. Civ. P. 26(a)(2)(B).

[14] Fed.R.Civ.P. 26(a)(2)(A)-(B).

[15] Fed.R.Civ.P. 26(a)(2)(D); see also Varkas v. Kenworth Truck Co., Civil Action No. 3:10-CV-1024, 2013 WL 1207963, at *2 (M.D.Pa. Mar. 25, 2013)(Caputo, J.).

In the instant matter, Plaintiff has run afoul of the above directives by failing to produce and/or disclose its supplemental expert report in accordance with this Court's Order of February 19, 2015. This scheduling Order had directed that parties were to produce a supplemental or rebuttal report on or before November 9, 2015.[16] Plaintiff's recent disclosure of the Addendum Report to Defendant, unaccompanied by a request for leave from the Court, was beyond this Court-imposed deadline.

Given this failure to abide by a Court-imposed discovery deadline, the remaining issue for determination is whether the Addendum Report and Dr. Wiesner's testimony relating to the Report should be excluded from evidence. In opposition to this sanction, Plaintiff first argues that exclusion would be inappropriate because the addendum report merely expanded upon Dr. Wiesner's prior position that the injury at Knoebel's aggravated a pre-existing condition and thereafter necessitated Plaintiff's corrective surgeries.[17] Plaintiff further argues that it has not acted in bad faith in obtaining or producing the Addendum Report, and that exclusion of testimony concerning the report would be impractical given that it merely expanded upon the original report's findings.[18] Defendant, in turn,

---

[16] Order (ECF No. 24).

[17] Pl.'s Br. in Opp. to Defs.' Mot. in Limine to Limit Expert Testimony (ECF No. 84), at 6.

[18] Id. at 13–14.

argues that this Court's exclusion of testimony concerning the Addendum Report is necessary because the late production of the report resulted in severe prejudice to Defendant which cannot be cured prior to trial.[19]

The United States Court of Appeals for the Third Circuit has explained that "under Rule 37, the imposition of sanctions for abuse of discovery . . . is a matter within the discretion of the trial court."[20]  When offered in violation of a pre-trial order, the Federal Rules of Civil Procedure specifically authorize that the district court can prohibit the admission of evidence, including testimony by expert witnesses.[21]  When crafting such a sanction, however, the Third Circuit has cautioned that the complete exclusion of evidence is an "extreme sanction" which ordinarily should not be employed where the resulting prejudice is minimal.[22]  To guide the district court's determination of whether to exclude evidence, the Third Circuit has delineated the following four factors for consideration:

> (1) the prejudice or surprise in fact to the opposing party, (2) the ability of that party to cure the prejudice, (3) the extent to which the orderly and efficient trial of the case would be disrupted, and (4) bad faith or willfulness in failing to comply with the district court's order.[23]

---

[19] Defs.' Br. in Supp. of Mot. *in Limine* to Limit Expert Testimony (ECF No. 83), at 6.

[20] Newman v. GHS Osteopathic, Inc., 60 F.3d 153, 156 (3d Cir.1995).

[21] Fed.R.Civ.P. 37(b)(2); United States v. 68.94 Acres of Land, 918 F.2d 389, 396 (3d Cir.1990).

[22] In re TMI Litig., 193 F.3d 613, 721 (3d Cir.1999).

[23] Williams v. Rene, 72 F.3d 1096, 1103 (3d Cir. 1995)(citing DeMarines v. KLM Royal Dutch Airlines, 580 F.2d 1193, 1201-02 (3d Cir. 1978)).

Following a consideration of these factors as they relate to the instant motion, I find that Dr. Wiesner's Addendum Report and his related testimony should not be subject to the "extreme sanction" of exclusion. First, having reviewed Dr. Wiesner's original report and his addendum, I find that the three page Addendum Report at issue does not venture beyond the conclusions reached in the May 16, 2015 report and, as such, does not surprise Defendants who were already well aware of the "general substance of his testimony."[24] Specifically, this Addendum Report simply clarified the previously articulated views of the previous report, i.e. that the June 27, 2012 injury accelerated the degenerative process of a pre-existing condition.[25]

Second, to the extent Defendants were subject to limited prejudice by the Addendum Report's response to the Independent Medical Evaluation of Dr. Rubenstein, I note that Defendants had two opportunities to cure this prejudice. The record reflects that defense counsel questioned Dr. Wiesner at his deposition concerning the factual content of the Addendum Report.[26] Moreover, the deposition of Defendants' expert was scheduled to occur on January 9, 2017, a

---

[24] In Re Paoli R.R. Yard PCB Litigation, 35 F.3d 717, 792 (3d Cir. 1994) (finding that exclusion of evidence for failure to abide by a court order is not warranted where (1) the prejudice was extremely minimal, and (2) the opposing party was already aware of the "general substance of the testimony).

[25] See generally Addendum Report, Exhibit I, ECF No. 82-1.

[26] Dep. of Dr. Wiesner, Exhibit I, ECF No. 84-1, at 110:8-11:9.

month following Dr. Wiesner's deposition. Therefore, to the extent that the testimony of Defendants' expert Dr. Rubenstein was needed in light of this three (3) page Addendum Report, there was ample opportunity for defense counsel and Dr. Rubenstein to develop that response at the time of the January 9, 2017 deposition.

Third, I note the logistical challenge granting Defendant's instant request would pose to the "orderly and efficient trial of the case." If this Court were to grant its request based solely on the untimely request for the compilation of an Addendum Report, Plaintiff would be given a largely impossible task. Specifically, because I have found that the Addendum Report simply expands upon the conclusions of the original report, she would be forced to find a non-existent distinction between Dr. Wiesner's testimony based on the initial report and that based on the Addendum Report. Given the fast approaching trial date of January 23, 2017, this request, undoubtedly inviting further Court intervention, would cut against the sound interests of judicial economy and fairness.

Finally, I find merit in Plaintiff's explanation that the circumstances surrounding the production of the Addendum Report do not indicate "bad faith or willfulness" regarding the late disclosure. While Plaintiff's request that Dr. Wiesner prepare an Addendum Report was made following the deadline to submit such supplementation, her explanation that she delayed its request during the

pendency of fruitless settlement discussions is persuasive. Furthermore, any delay following Plaintiff's request was the result of Dr. Wiesner's preparation of the report.[27] Taken together, I do not believe that these explanations demonstrate the "flagrant disregard" necessary to justify the "extreme sanction" of exclusion.[28]

In conclusion, while Plaintiff's late production of the Addendum Report certainly violated this Court's scheduling Order, I am mindful of the Third Circuit's direction that the complete exclusion of evidence is "an extreme sanction" whose imposition is governed by above delineated factors. Having considered these factors in light of evidence at issue, I am satisfied that late production does not warrant exclusion of the Addendum Report and related testimony. Because this Report largely rehashed the previously reached conclusions of Dr. Wiesner's original report, the late production of his Addendum Report and related testimony **at most** minimally prejudiced Defendants. To that end, Defendants had the opportunity to cure that prejudice at both Dr. Wiesner and Dr. Rubenstein's later depositions.[29]

---

[27] See Exhibits E & F (ECF No. 84-1)(demonstrating Plaintiff's attempt to obtain the report well in advance of the deposition and her continued inquiries as to its status).

[28] In re Paoli R.R. Yard Pcb Litig., 35 F.3d at 793 (finding that mere "lack of diligence" does not constitute bad faith).

[29] See, e.g., Ouelette v. Coty US, LLC, Civil Action No. 3:14-CV-00712, 2016 WL 1650775, at *5 (M.D.Pa. Apr. 25, 2016)(Mariani, J.)(denying a motion to exclude expert testimony where the opposing party knew the "basic substance of the witness' testimony" and any resulting prejudice was "insignificant at best.").

### III. CONCLUSION

Based on the foregoing reasoning, Defendants' Motion *in Limine* to Limit Expert Testimony (ECF No. 82) will be denied.[30]

An appropriate Order follows.

BY THE COURT:

   s/ Matthew W. Brann
Matthew W. Brann
United States District Judge

---

[30] The scope of this Opinion is necessarily limited as the merits and persuasiveness of either expert's findings are reserved for jury determination.